UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CLEMENCE MUCYO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. 1:26-CV-497-H |

**ORDER**

Before the Court is Clemence Mucyo's Motion For Temporary Restraining Order (TRO) and Preliminary Injunction. Dkt. No. 3. Because the government has committed to provide Mucyo and the Court with notice before executing any removal of Mucyo from the United States, Dkt. No. 6 at 1, Mucyo's TRO (Dkt. No. 3) is denied as moot.

On September 28, Mucyo filed a petition for a writ of habeas corpus (Dkt. No. 1), and the following day, she filed the present motion. The Court addressed both filings by ordering the respondents to "show[] cause why the petitioner's writ should not be granted" and "address what notice, if any, the respondents will give to Mucyo's counsel and the Court prior to moving the petitioner outside the Court's jurisdiction." Dkt. No. 4 at 1, 1–2.

The respondents timely provided the requested notice by submitting a notice of commitment to "provide [Mucyo] and the Court with at least three days' notice before executing any removal of [Mucyo] from the United States." Dkt. No. 6 at 1. As to any potential relocation of Mucyo from the Northern District of Texas, the respondents correctly identify that "any such move of Mucyo . . . would not affect this Court's jurisdiction over this case or the continuing availability of venue." *Id.*; *Cf. Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attache[s] on [the] initial filing for habeas

corpus relief, and it [is] not destroyed by the transfer of [the] petitioner and accompanying custodial change.").

The relief requested in Mucyo's TRO led the Court to "believe[] that a response from the government committing not to remove Mucyo pending the Court's resolution of the petitioner's habeas petition, or that the government will commit to providing notice to Mucyo before doing so, [would] adequately address Mucyo's Motion for Temporary Restraining Order and Preliminary Injunction." Dkt. No. 4 at 2.

The government's notice now solidifies the Court's initial belief. The commitment to notify Mucyo and the Court before any removal of Mucyo from the United States is directly responsive to her TRO, which requests that the Court enter an order prohibiting her removal "to any country other than Rwanda unless and until [r]espondents: provide counsel and [the] [p]etitioner written notice identifying the proposed country; provide [the] [p]etitioner a meaningful opportunity to state and pursue fear-based claims as to that country; and permit the process necessary to prevent removal before those claims can be meaningfully adjudicated." Dkt. No. 3 at 2. As Mucyo explained, the TRO's "requested relief is narrow" and "does not invalidate the removal order, prohibit [the] [r]espondents from taking lawful steps toward removal, or permanently prohibit removal to a third country. It preserves the Court's jurisdiction and requires only notice and a meaningful opportunity to pursue country-specific protection before removal." *Id.* at 2–3. Such notice has now been provided by the respondents. *See* Dkt. No. 6 at 1.

The Court thus denies Mucyo's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 3) as moot. However, as noted in the Court's Order to Show Cause, Mucyo's request for expedited consideration was granted in part. Dkt.

No. 4 at 1. Accordingly, the Court will resolve her pending habeas petition (Dkt. No. 1) on an expedited timeline.

So ordered on October 1, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE